***E-FILED - 6/3/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE SHOVE, | ) | No. C 09-0656 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| vs. | ) | |
| | ) | |
| GOVERNOR A. SCHWARZENEGGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging, inter alia, that he is being illegally imprisoned and his criminal convictions are void. For the reasons stated below, the court concludes that plaintiff's claims are barred under both Younger v. Harris, 401 U.S. 37 (1971) and Heck v. Humphrey, 512 U.S. 477 (1994). Accordingly, the complaint will be DISMISSED without prejudice.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Shove656heckdis.wpd       1

1  monetary relief from a defendant who is immune from such relief.  Id. at § 1915A(b) (1),(2).

2  　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under
3  the color of state law committed a violation of a right secured by the Constitution or laws of the
4  United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  Pro se pleadings must be liberally
5  construed.  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

6  B.　　Plaintiff's claims

7  　　　　Plaintiff claims that he is the target of a criminal conspiracy by defendants who, inter
8  alia, "obstruct and impede the due administration of law," alter court documents, subordinate
9  perjury, create false evidence, and withhold exculpatory evidence.  (Complaint at 6.)  Plaintiff
10 further alleges that as a result of the conspiracy, the defendants violated his unspecified
11 constitutional rights, which render his convictions void.  (Id.)  In addition, plaintiff claims that
12 defendants are engaged in a pattern of racketeering, which aided in securing his wrongful
13 imprisonment.  (Id. at 12.)

14 　　　　Plaintiff further claims that the California Supreme Court is violating his constitutional
15 rights by appointing the California Appellate Project to represent him in his direct criminal
16 appeal, however, because he is under a sentence of death, the appointment process can take four
17 to six years to complete.  (Id. at 7-8.)  Further, plaintiff complains that the appeal process then
18 can take another twelve to fifteen years before it is properly before the California Supreme
19 Court.  (Id.)

20 　　　　Plaintiff requests damages and equitable relief.

21 　　　　1.　　**Younger abstention**

22 　　　　Under principles of comity and federalism, a federal court should not interfere with
23 ongoing state criminal proceedings absent extraordinary circumstances.  See Younger v. Harris,
24 401 U.S. 37, 43-54 (1971).  The rationale of Younger also applies throughout appellate
25 proceedings, requiring that state appellate review of a state court judgment be exhausted before
26 federal court intervention is permitted.  See Dubinka v. Judges of the Superior Court, 23 F.3d
27 218, 223 (9th Cir. 1994) (acknowledging that even if criminal trials were completed at the time
28 of abstention decision, state court proceedings still considered pending).  Because plaintiff has

not yet completed his state court appeals, his state court proceedings are still pending. Accordingly, the court will abstain from interfering with plaintiff's ongoing proceeding.

    2.   **Heck bar**

When a state prisoner files a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Heck, 512 U.S. at 487. In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-487. A claim bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

Heck makes it clear that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90 (footnote omitted). Any such claim is not cognizable and therefore should be dismissed. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (clarifying that Heck applies to cases requesting damages as well as equitable relief); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (noting that claim barred by Heck may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915). The Heck rule usually precludes a prisoner-plaintiff from obtaining damages or equitable relief in a § 1983 action for alleged constitutional violations in connection with his criminal trial. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action; the decision must have been successfully attacked before the civil rights action is filed. Whether the Heck rule applies requires one to consider whether success in the § 1983 action would "necessarily demonstrate

1  the invalidity of the confinement or its duration." Id. at 82.  If so, the § 1983 action is barred as
2  long as the conviction has not been set aside.  See, e.g., Guerrero v. Gates, 442 F.3d 697, 703
3  (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and
4  conspiracy among police officers to bring false charges against him); Valdez v. Rosenbaum, 302
5  F.3d 1039, 1049 (9th Cir. 2002) (prisoner's Sixth Amendment claim of denial of access to
6  counsel while a pretrial detainee barred by Heck because claim would necessarily imply
7  invalidity of subsequent conviction).

8  Here, plaintiff's allegations, if successful, would necessarily invalidate the underlying
9  criminal convictions and is barred under Heck.  Accordingly, the instant complaint is dismissed
10 without prejudice to plaintiff refiling a new complaint in a new civil rights action if his
11 convictions are later invalidated.

**CONCLUSION**

Plaintiff's complaint is DISMISSED without prejudice under Younger and Heck.  The clerk shall terminate any pending motions, close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED:  __6/3/09_____                *Ronald M. Whyte*
                                        RONALD M. WHYTE
                                        United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Shove656heckdis.wpd        4