*E-FILED - 12/8/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE SHOVE, | ) | No. C 09-0656 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| GOVERNOR A. SCHWARZENEGGER, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging, inter alia, that he is being illegally imprisoned and his criminal convictions are void. On June 3, 2009, the court dismissed the complaint concluding that plaintiff's claims were barred under both Younger v. Harris, 401 U.S. 37 (1971) and Heck v. Humphrey, 512 U.S. 477 (1994). On June 19, 2009, plaintiff filed a motion for reconsideration. For the reasons stated below, motion for reconsideration is DENIED.

Where, as here, the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). See McDowell v. Calderon, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc). A motion for reconsideration under Rule 59(e) "'should not be

1  granted, absent highly unusual circumstances, unless the district court is presented with newly
2  discovered evidence, committed clear error, or if there is an intervening change in the law.'" Id.
3  at 1255 (citation omitted).  A district court does not commit clear error warranting
4  reconsideration when the question before it is a debatable one.  See id. at 1256.

5        Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where
6  one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect;
7  (2) newly discovered evidence that by due diligence could not have been discovered before the
8  court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of
9  the judgment; (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b); School Dist. 1J v.
10 ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Although couched in broad terms,
11 subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.
12 Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

13       Finally, motions for reconsideration should not be frequently made or freely granted;
14 they are not a substitute for appeal or a means of attacking some perceived error of the court.
15 See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).
16 "[T]he major grounds that justify reconsideration involve an intervening change of controlling
17 law, the availability of new evidence, or the need to correct a clear error or prevent manifest
18 injustice." Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989)
19 (citation omitted).

20       Plaintiff alleges, inter alia, that the court has a duty to assert its jurisdiction and authority
21 over criminal violations alleged by plaintiff.  Plaintiff further argues that the court improperly
22 categorized his complaint solely as a civil rights complaint.  Specifically, plaintiff accuses
23 defendants of violating RICO, committing treason, misprision , aiding and abetting, conspiracy
24 to violate constitutional rights, and torture, and requests relief pursuant to federal statutes.

25       Neither plaintiff nor the court are authorized to file a criminal complaint. Whether to
26 prosecute and what criminal charges to file or bring are decisions that rest in the prosecutor's,
27 not the court's, discretion.  United States v. Batchelder, 442 U.S. 114, 124 (1979).  Plaintiff
28 relies on 28 U.S.C. § 2201, which is not applicable because there is no federal question presented

1  here. Plaintiff also cites to 28 U.S.C. § 1651, which is a general provision permitting federal
2  courts to issue writs. Neither statute is relevant for plaintiff's purposes. Plaintiff also cites 28
3  U.S.C. § 1957, however, there is no such section in the United States Code. The remainder of
4  the statutes cited by plaintiff are criminal statutes which generally do not provide a private cause
5  of action or basis for civil liability. See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.
6  1980).

7  Plaintiff's main complaint appears to be that he is wrongfully convicted and he is
8  dissatisfied with California's requirement that prisoners in capital cases must be represented by
9  counsel on appeal and habeas matters because the consideration of his case could continue for
10 years before reaching final disposition. While unfortunate, plaintiff's allegations provide no
11 valid grounds for reconsideration of the court's conclusion that plaintiff's underlying claims
12 challenging his conviction are barred by both Younger and Heck. Accordingly, the motion for
13 reconsideration is DENIED.

14 The clerk shall terminate all pending motions.

15 IT IS SO ORDERED.

16 DATED:   12/7/09                                            *Ronald M. Whyte*
17                                                            RONALD M. WHYTE
                                                              United States District Judge

Order Denying Motion for Reconsideration
P:\PRO-SE\SJ.Rmw\CR.09\Shove656rec.wpd          3